The majority holds that the defendant could not introduce the business records of a doctor who treated the plaintiff for a back problem without having confronted the plaintiff about the fact sought to be proved. I think that the majority is wrong in its holding, and I must respectfully dissent.
On direct examination, the plaintiff testified that she never "had any problems with [her] back whatsoever" before she dropped from her window to escape the fire. Her testimony tended to prove that her back problem was caused by the negligence of the defendant. In view of this substantive evidence, why could the defendant not introduce a business record of the plaintiff's former physician that showed that she had previously consulted him about a back problem to rebut or contradict the testimony of the plaintiff? I think that the trial court properly allowed the notes made by the doctor, which had been properly authenticated, to be admitted under the provisions of Rule 44(h), Ala.R.Civ.P.[2]
The doctor's record of the plaintiff's visit to his office during which she complained of back trouble, in my opinion, was a memorandum of an "act, transaction, occurrence, or event" that was made contemporaneously with her visit and in the regular course of the doctor's business, and that, therefore, was admissible to rebut or contradict the plaintiff's testimony that she had had no back problems before the accident. I believe that the majority's classification of these notes in a business record as a "statement" is misplaced. While I recognize that all entries made in business records are not admissible merely because they are included in a business record (they may be excludable, if, for example, the entry is an opinion), I do not believe that the entry in this case should be excluded on the ground that the witness was not confronted with the fact of her visit to the doctor. The basic reason for requiring a predicate in cases where a witness is being impeached by a prior inconsistent statement is "to enable the faculties of the mind of the witness [being impeached] to be put in motion and his memory aided by the train of ideas which such circumstances would be likely to suggest with reference to the subject matter under inquiry and thereby be aided in recalling to memory whether he made the statement." Charles Gamble, McElroy's Alabama Evidence § 157.01(2), p. 416 (4th ed. 1991).
It appears to me that the business record that was admitted in this case was a memorandum of an "act, transaction, occurrence, or event" that was recorded at the time of the plaintiff's visit to the doctor and in the regular course of the doctor's business, and was not a "statement" of a witness that would be excludable without the laying of a proper predicate. In short, the record here was admissible under Rule 44(h), and there was no need to ask the witness whether she visited the doctor because she was having problems with her back. The record contained proof that the plaintiff visited a doctor with complaints about back problems before the accident and it was admissible as substantive evidence to rebut the plaintiff's testimony to the contrary.
It seems to me that the majority unduly restricts the meaning and purpose of Rule 44 by requiring the laying of a predicate before the admission of such records, at least under the facts of this case. I believe that Rule 44 should be construed as a rule of "admissibility" rather than as a rule of *Page 664 
"exclusion."[3] For the above-stated reasons, I respectfully dissent.
[2] In pertinent part, Rule 44(h) provides:
 "Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible in evidence in proof of said act, transaction, occurrence or event, if it was made in the regular course of any business, profession, occupation, or calling of any kind, and it was the course of the business, profession, occupation or calling to make such memorandum or record at the time of such act, transaction, occurrence, or event, or within a reasonable time thereafter."
Rule 44, Ala.R.Civ.P., superseded the Alabama Business Records Act (Ala. Code 1975, § 12-21-43) as to civil proceedings. See, Appendix II to the Alabama Rules of Civil Procedure and the annotation to § 12-21-43. The Alabama Business Records Act was modeled after the Uniform Business Records as Evidence Act.
[3] In pertinent part, Rule 1, Ala.R.Civ.P., states:
 "These rules shall be construed to secure the just, speedy and inexpensive determination of every action." My good friend, Judge James Haley, who labored so long and hard in favor of the adoption of the Alabama Rules of Civil Procedure, once said that this portion of Rule 1 should be read into every one of the Alabama Rules of Civil Procedure. I agree with him, and I think that imposing a predicate requirement for the admission of a statement made to a doctor in connection with a visit to that doctor that is recorded in his business records fails to follow the mandate of Rule 1 and the spirit of the Rules of Civil Procedure.